**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TROY McCULLEY PETITIONER

VS. 5:18-CV-00099-JM-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Troy McCulley ("McCulley"). *Doc. 2*. Before addressing McCulley's habeas claims, the Court will review the procedural history of the case in state court.

In February of 2013, a Poinsett County jury convicted McCulley of raping a sixteen-year-old girl and sentenced him to thirty years' imprisonment.[1] *Doc. 14-1, Tr. 64-65.*

McCulley appealed his conviction. On May 28, 2014, the Arkansas Court of Appeals affirmed. *McCulley v. State*, 2014 Ark. App. 330 ("*McCulley I*").[2]

On August 14, 2014, McCulley, with the assistance of counsel, filed a timely Rule 37 petition in the trial court.[3] He asserted nine claims of ineffective assistance of trial counsel. On January 7, 2015, the trial court held a hearing on the Rule 37 petition. *Doc. 14-10*, *Tr. 66-96*. On April 9, 2015, the trial court rejected all of McCulley's claims for postconviction relief. *Doc. 14-10*, *pp. 45-58*.

---

[1] The jury also found McCulley guilty of three felony counts and one misdemeanor count of possessing drug paraphernalia. The jury imposed a fine, but no prison time, on each of those counts.

McCulley was represented at trial by retained counsel John May of Harrisburg. Circuit Judge Brent Davis presided over the trial and the post-conviction proceedings at the trial court level.

[2] On direct appeal, McCulley argued that his trial court erred in: (1) denying his motion to suppress evidence of items seized in a search of his residence; and (2) allowing a witness to testify about the titles of adult videos seized during the search. The Arkansas Court of Appeals held that neither issue was preserved for appellate review. *McCulley I,* 2014 Ark. App. 330, *1.

[3] Throughout the direct appeal and the Rule 37 proceedings in the trial court, McCulley was represented by attorney Steven Davis of North Little Rock. After lodging the appeal of the denial of Rule 37 relief, Mr. Davis filed a motion to be relieved, which was granted on December 10, 2015. *McCulley v. State*, No. CR-817 (Ark. Ct. App. Dec. 10, 2015).

McCulley appealed the denial of Rule 37 relief.[4] On May 17, 2017, the Arkansas Court of Appeals affirmed. *See McCulley v. State*, 2017 Ark. App. 313, at 2 ("*McCulley II*"); *Doc. 14-12*.

On April 16, 2018, McCulley, proceeding *pro se*, opened this federal action by filing a "Motion for Extension of Time to File 2254 Writ of Habeas Corpus." *Doc. 1*. In this filing, McCulley failed to identify any claims for federal habeas relief. Instead, he stated that he *believed* the § 2254 filing deadline was May 17, 2018, but he needed additional time to secure "necessary documentary evidence . . . to perfect his § 2254 petition." *Id*.

On April 27, 2018, this Court entered an Order advising McCulley that, by filing a motion for extension of time, but asserting no habeas claims, he had *not* tolled the one-year limitations period provided for in 28 U.S.C. § 2244(d)(1).[5] *Doc. 3 at 2*. The Court advised McCulley that "he should attempt to file his habeas Petition before the limitations period expire[d]," but expressed no opinion as to the

[4] McCulley pursued the appeal *pro se*.

[5] The Order explained to McCulley that: (1) it was "unclear whether the Court even has subject matter jurisdiction over this action until some request for federal habeas relief" was made; and (2) any claim asserted for the first time in the future would not "relate back" to his initial filing on April 16, 2018. *Doc. 3 at pp. 2-3*.

accuracy of McCulley's assertion that May 17, 2018 was the last date for him to timely file a § 2254 Petition.[6] *Doc. 3 at p. 3*.

On May 9, 2018, McCulley initiated the § 2254 Petition now before the Court.[7] *Doc. 4*. McCulley asserts twenty-one separate claims for habeas relief, which include claims of constitutionally ineffective assistance of counsel, trial error and prosecutorial misconduct.

---

[6] As discussed below, the one-year limitations period expired on April 10, 2018. Thus, when McCulley initiated this federal action on April 16, 2018, the period for him to timely assert claims for federal habeas relief had already expired.

[7] On May 9, 2018, McCulley delivered his habeas Petition to prison authorities for mailing to the Clerk of the Court. The Clerk's office received the habeas Petition and filed it on May 17, 2018. Respondent argues that McCulley's is not entitled to the benefit of the prison mailbox rule because he failed to specifically declare in his habeas papers that first-class postage was affixed to the mailing envelope. *See* Rule 3(d), Rules Governing Section 2254 Cases in United States District Courts.

Respondent's "overly literal reading of the rule makes little sense" given that: (1) McCulley declared in the Petition that he signed and placed it in the prison mailing system on May 9, 2018; and (2) the Clerk of the Court for the Eastern District of Arkansas received and file-marked his habeas Petition ten days later, on May 17, 2018, which proves that McCulley in fact affixed the required postage to the mailing envelope. *See Bentz v. Hardy*, 638 Fed. Appx. 535, fn. 1 (7th Cir. April 8, 2016) (refusing to find appeal untimely based on a prisoner's failure to declare prepaid postage where evidence demonstrated prisoner in fact did pay the postage). Furthermore, the habeas form provided to McCulley by the ADC explicitly provided that he was only required to deliver his habeas Petition to prison authorities for mailing. *The form did not require McCulley to declare that he prepaid postage*. *Doc. 4 at 20-21*. By advancing this argument, Respondent is suggesting that courts should set more traps to ensnare unwary *pro se* habeas petitioners. While the language of the rule Respondent relies on states that habeas petitioners are to make a declaration in their habeas papers that they have affixed first-class postage to their mailing envelope, it does not specify that the remedy, if they fail to do so, is the loss of the prison mailbox rule.

Finally, in this case, the one-year limitations period for seeking federal habeas relief expired on April 10, 2018, making this habeas action time-barred, even with the benefit of the prison-mailbox rule. Thus, the Court is not required to decide whether McCulley is entitled to the benefit of the prison mailbox rule.

In Respondent's response, she argues that McCulley's habeas Petition should be dismissed because his claims are time-barred. Alternatively, Respondent argues that McCulley's claims are either procedurally defaulted or were reasonably adjudicated by the state court. *Doc. 12*. McCulley has filed a Reply. *Doc. 17*. Thus, the issues are joined and ready for disposition.

Because all of McCulley's habeas claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), the Court recommends that his habeas Petition be dismissed, with prejudice.

## II. Discussion

### A. McCulley's Habeas Claims Are Barred By The Applicable One Year Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statue of limitations governs a state prisoner's federal habeas corpus challenge to his conviction. 28 U.S.C. § 2244(d)(1). In most cases, including this one, the limitations period starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(e)(1)(A).

When a state prisoner fails to seek discretionary review of his conviction in the state's highest court, the judgment becomes "final" when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012) (in cases decided by the Arkansas Court

of Appeals, a conviction becomes "final" when the prisoner can no longer file a petition for review with the Arkansas Supreme Court).

After the Arkansas Court of Appeals decision on May 28, 2014 affirming his conviction, McCulley had eighteen calendar days to file a petition for review with the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a) (stating petitions for review must be filed within 18 calendar days of the date of the Arkansas Court of Appeals' decision). Because the eighteenth day fell on Sunday, June 15, 2014, the next day, Monday, June 16, 2014 was McCulley's last day to file a timely petition for review. *See* Ark. R. App. P. - Crim. 17.

The next day, June 17, 2014, McCulley's conviction was final and AEDPA's statute of limitations began running.[8] Absent "statutory tolling," McCulley had one year from that date to file his § 2254 habeas Petition.

**1. Statutory Tolling**

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). McCulley's timely Rule 37 petition, filed on August 14, 2014, tolled the limitations period. However, by that point, 58 days of the one-year limitations period had already run.

[8] *See King v. Hobbs*, 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (habeas statute of limitations began running the day after the deadline for filing a petition for review with the Arkansas Supreme Court); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).

*Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011), cert. denied, 565 U.S. 1166 (2012) (confirming that the limitations period is not tolled in the interval between the conclusion of direct review and the filing of a state post-conviction period).

The limitations period remained tolled until June 6, 2017, when the Arkansas Court of Appeals issued its appellate mandate in *McCulley II*. *Doc. 14-14 at 13*; *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (state post-conviction proceeding was "pending" for purposes of § 2244(d)(2) until the appellate court issued its mandate).

When the limitations period began running again on June 7, 2017, McCulley had 307 days remaining, or until *Tuesday, April 10, 2018*, to file a timely § 2254 Petition. McCulley failed to assert any claims for federal habeas relief until May 9, 2018, approximately one month *after* the limitations period expired.[9]

Thus, McCulley's claims are barred by the one-year limitations period absent some equitable basis for relief.

**2. Equitable Tolling**

A federal habeas petitioner may be entitled to equitable tolling of the statute of limitations if he can show that: (1) he has been "pursuing his rights diligently;" but (2) "some extraordinary circumstance stood in his way and prevented timely

---

[9] In using this date, rather than the filing date of May 17, 2018, the Court assumes that McCulley is entitled to the benefit of the prison mailbox rule.

filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). To secure equitable tolling, a petitioner must show that "the extraordinary circumstance *caused* him to miss the original filing deadline." *Coulter v. Kelley*, 871 F.3d 612, 624 (8th Cir. 2017) (emphasis in original). "Equitable tolling is an exceedingly narrow window of relief." *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (omitting citation).

To excuse his untimeliness, McCulley asserts that extraordinary circumstances exist because: (1) he did not have access to "all the information and records" he needed "to support all [his] claims" for federal habeas relief; (2) he was delayed because the correctional facility where he was being housed failed to provide him with unidentified information and unspecified forms he needed to file his § 2254 Petition; (3) his mother died while he was preparing his Petition; and (4) he was "attacked and almost beat to death for no good reason," an event McCulley contends was "set up" by the State to prevent him from filing his case on time.[10] *Doc. 17 at 5-6*.

[10] McCulley fails to support this conclusory and speculative assertion with any facts. More specifically, he fails to: (1) identify his attacker and when the attack took place; (2) identify the date of the attack; (3) describe his injuries and how long they lasted; (4) describe the medical attention he received for his injuries; (5) identify the time period he was allegedly physically incapacitated; or (6) provide any facts to support his contention that the State was to blame for the attack.

McCulley fails to specify the time periods and dates associated with these alleged delays. He also fails to explain *how* they prevented him from filing his § 2254 Petition *before* April 10, 2018.

Furthermore, the record controverts McCulley's assertion that he lacked records and information necessary to timely assert his claims. McCulley represented himself during the state court appeal of the denial of Rule 37 relief. On February 11, 2016, the Arkansas Supreme Court directed that McCulley be provided with a copy of the record in order to prepare his appellant's brief.[11] Other documents in the record demonstrate that on May 21, 2015, Mr. Davis sent McCulley copies of the following records: (1) 353 pages of the trial transcript; (2) the unredacted abstract, brief and addendum filed in the direct appeal; (3) the State's appellate brief; (4) the opinion on direct appeal; and (5) the Rule 37 Petition and Brief in Support.[12]

Even if there were some additional records that McCulley wanted to review before asserting his federal habeas claims, that does not entitle him to equitable tolling. In *Jihad v. Hvass*, 267 F.3d 803 (8th Cir. 2001), the Court held that delays in obtaining transcripts or other records do not equitably toll the one-year limitation period under 28 U.S.C.A. § 2244(d)(1). The Court reasoned that it is not

---

[11] Resp.'s Exh. I, *Doc. 14-4 at 13-15, 21*.

[12] Resp.'s Exh. C, *Doc. 14-8 at 25*.

extraordinary for habeas petitioners to experience such delays, and that, in enacting AEDPA's one-year limitation, Congress must have envisioned the likelihood of this circumstance. *See also Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) ("Possession of a transcript . . . is not a condition precedent to the filing of [post-conviction] proceedings."). Thus, McCulley has failed to meet his burden of establishing that "extraordinary circumstances" prevented him from timely asserting his habeas claims.

Finally, McCulley has failed to demonstrate that he has pursued his rights diligently. While McCulley fails to address this element directly, it appears he believed, erroneously, that he had until May 17, 2018 to file his § 2254 habeas Petition.[13] However, McCulley has failed to demonstrate that he was *unable* to assert his federal habeas claims before the limitations period expired on April 10, 2018.

McCulley's mistaken calculation or ignorance of the law also does not entitle him to equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (no equitable tolling due to confusion about the law or miscalculation of the limitations period); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) ("Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject

[13] In his initial filing in this case, McCulley requested a ninety-day extension to assert his claims for federal habeas relief, to run from May 17, 2018. *Doc. 1 at 1*. McCulley appears to have mistakenly concluded the one-year time period for him to seek federal habeas relief started running on May 17, 2017, the day the Arkansas Court of Appeals issued its opinion affirming the denial of his Rule 37 Petition. Thus, McCulley's miscalculation of the one-year limitations period was the actual cause for his late filing. *Doc. 17 at 8-9*.

to the law whether or not he is actually aware of the particular law of which he has run afoul.").

Thus, the Court concludes that McCulley has failed to demonstrate that he is entitled to equitable tolling.

**B. Actual Innocence**

McCulley contends his late filing should be excused under the gateway "actual innocence" exception. In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Court explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations.[14] The Court cautioned that "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)).

The actual innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324. The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional

[14] The *McQuiggin* Court analyzed actual innocence as an "equitable exception" overriding the statute of limitations, rather than an extension of the limitations period through equitable tolling. *McQuiggin*, 569 U.S. at 392.

violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis").

McCulley's conviction was secured largely through the trial testimony of the sixteen year old victim, A.R., and the eyewitness and co-defendant testimony of Loretta Collette, McCulley's former girlfriend:

> The trial record demonstrate[d] that McCulley's girlfriend, Loretta Collette, lured her sixteen-year-old niece, A.R. to McCulley's residence. According to the testimony of A.R., after arriving at McCulley's residence, she was drugged and taken to an outbuilding behind the main house, stripped naked, bound by her hands and feet, and raped by Collette and McCulley. A.R. was returned to her mother hours after she had been due home. Because of her unusual behavior, a drug test was administered by a local physician, and the test was positive for amphetamines.
>
> Eventually, A.R. reported to investigators that not only had she been drugged by McCulley and Collette, but that she has also been sexually assaulted by them. Subsequently, Collette admitted to police that she participated in the assault, and based on Collette's admissions, a search warrant for McCulley's residence was obtained and executed. The search included the outbuilding described by A.R. The police seized numerous items as a result of the search, including, among other things, drug paraphernalia and pornographic videotapes.

*McCulley II*, 2017 Ark. App. 313, 4; *Doc. 14-12 at 4*.

McCulley contends that the "entire case was fabricated by Erik Willbanks ["Willbanks"], a dirty cop." *Doc. 17 at 1*. The only evidence he offers in support

of this allegation are newspaper and internet articles related to Willbanks being connected to removing prescription drugs from the Trumann Police Department's evidence room for the police chief's personal use. *Id. at 22-28.* Willbanks was fired in March of 2012 for his misconduct, well before McCulley's trial in February of 2013.[15] *Id. at 22.* At trial, McCulley's attorney, John May ("Mr. May") cross-examined Willbanks about having been "discharged from law enforcement due to irregularities in the evidence department." *Doc. 14-3, Tr. 682.* Thus, this is not "new evidence."

The alleged "new" evidence also has no bearing on McCulley's guilt. McCulley fails to explain how eliciting additional evidence related to Willbanks' involvement in a separate and unrelated criminal drug investigation, in which he was a target, would have led the jury to find McCulley innocent of raping A.R. This evidence has no bearing at all on A.R.'s testimony that McCulley raped her or Collette's corroborating eyewitness testimony.

Finally, during his trial testimony, McCulley *denied* that any of the evidence found at his residence had been planted. McCulley was specifically asked if he "was claiming that the police planted" handcuffs found in the "sex room" where the victim

[15] Criminal charges were later filed against Willbanks and the former Trumann police chief.

claimed she was raped. McCulley replied, "I didn't say the police planted anything in there." *Doc. 14-4*, *Tr. 753*.

McCulley also argues that his attorney, Mr. May, was arrested on drug charges in August of 2017, more than four years after McCulley was convicted. While this development may be "new," it has no bearing on McCulley's alleged "innocence" because it does nothing to help McCulley meet his burden of proving that "no reasonable juror" would have convicted him, if they had heard his alleged "new evidence." *Schlup*, 513 U.S. at 327. This is particularly true since McCulley's alleged "new evidence" fails to cast doubt on the victim's testimony that he raped her or the corroborating witness testimony.

Based on the record, it is not possible to reach the required conclusion that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Brownlow v. Grouse*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup*, 513 U.S. at 322); *see also Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) ("Actual innocence means factual innocence, not mere legal insufficiency.") (internal quotations and alterations omitted); *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime."). Having failed to meet the demanding actual innocence standard, McCulley is not entitled to any equitable relief based on this theory.

## III. Conclusion

All of McCulley's federal habeas claims were asserted *after* the one-year limitations period expired, and no equitable basis exists for excusing his late filing.

IT IS THEREFORE RECOMMENDED THAT:

1. All claims asserted in Petitioner's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 4*, be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 22nd day of March, 2019.

UNITED STATES MAGISTRATE JUDGE